# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA<br>(for the use and benefit of SOUTHERN<br>ROCK INC.), | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | Case No. CIV-09-925-M |
| PRECISION IMPACT RECOVERY, LLC,<br>and NORTHERN AMERICAN<br>SPECIALTY INSURANCE COMPANY, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

and

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA<br>(for the use and benefit of SOUTHERN<br>ROCK INC.), | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | Case No. CIV-10-446-M |
| PRECISION IMPACT RECOVERY, LLC,<br>and INTERNATIONAL FIDELITY<br>INSURANCE COMPANY, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is North American Specialty Insurance Company ("NAS") and Precision Impact Recovery, LLC's ("Precision") Motion to Sever Cases [docket no. 58] and Memorandum of Authorities [docket no. 59], both filed on August 25, 2010. On September 15, 2010, plaintiff filed its response, and on September 16, 2010, defendants Precision and NAS filed their reply. Based upon the parties' submissions, the Court makes its determination.

In this action, Precision was the prime contractor on three government construction projects.

Precision subcontracted with plaintiff to provide labor, materials and equipment on all three projects and is alleged to owe a significant sum of money to plaintiff. On July 22, 2009, plaintiff filed suit in the United States District Court for the Northern District of Texas against Precision and International Fidelity Insurance Company ("IFIC"), its surety on a Texas project who issued a payment bond on behalf of Precision (referred to as "Texas case"). Plaintiff alleges that it was hired by Precision to work as a subcontractor for the United States government on a construction project known as the Mill Watershed located in Navarro County, Texas. Approximately a month later on August 21, 2009, plaintiff filed suit in this Court against Precision and NAS, its surety on two Oklahoma projects who issued a payment bond on behalf of Precision (referred to as "Oklahoma case"). Again, plaintiff alleges that it was hired by Precision to work as a subcontractor for the United States government on two construction projects located in Logan County, Oklahoma. On May 3, 2010, the Texas case was transferred to this Court, and on June 11, 2010, the Oklahoma and Texas cases were consolidated into one action. Precision and NAS now seek to sever the Oklahoma and Texas cases into separate actions.

Rule 21 of the Federal Rules of Civil Procedure provides that a "court may at any time, on just terms, add or drop a party [and] may also sever any claim against a party." Fed. R. Civ. P. 21. Courts have interpreted Rule 21 to apply when the claims asserted do not arise out of the same transaction or occurrence or do not present some common question of law or fact. *See Am. Fid. Fire Inc. Co. v. Construcciones Werl, Inc.*, 407 F. Supp. 164, 190 (D.V.I. 1975). Courts may order a Rule 21 severance when it will serve the ends of justice and further the prompt and efficient disposition of litigation. *See Old Colony Ventures I, Inc. v. SMWNPF Holdings, Inc.*, 918 F. Supp. 343, 350 (D. Kan. 1996) ("When determining whether severance is appropriate under Rule 21, the court considers

2

the convenience of the parties, avoiding prejudice, promoting expedition and economy, and the separability of law and logic."). Further, "[t]he decision whether to grant a severance motion is committed to the sound discretion of the trial court." *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988).

In this case, Precision and NAS assert that the Oklahoma and Texas cases should be severed because the claims in each case do not arise out of the same transaction or occurrence in that two distinctively different projects are involved and the proof as to the Oklahoma case will not be the same as that raised in the Texas case. Furthermore, Precision and NAS allege that settlement of the claims in the Oklahoma case are within reach, but plaintiff refuses to settle only because it wants to use NAS as leverage to extract a settlement from IFIC. Also, IFIC has retained new counsel and Precision and NAS contend IFIC will tender certain defenses that these defendants do not intend to advance, and IFIC's trial strategy will materially differ from that of NAS.

Plaintiff, however, asserts that the terms of the agreement between plaintiff and Precision are identical in both the Oklahoma and Texas cases, and resolving the underlying matter of the pricing controversy will involve the exact same evidence. Plaintiff also alleges that both parties' businesses are located in Oklahoma and the majority of potential witnesses reside in Oklahoma, such that consolidation of the cases reduces litigation costs for both parties and promotes judicial economy. In rebuttal to plaintiff's assertions, Precision and NAS appear to argue that the evidence will materially differ because this case involves three different projects with two different sureties as defendants. Precision and NAS further argue that NAS did not issue any bond for the Texas project and is not liable in any way for the Texas project, and likewise, IFIC did not issue any bond for the Oklahoma project and is not liable in any way for the Oklahoma project. Also,

3

Precision and NAS contend that plaintiff is wrongfully attempting to settle its case with IFIC by forcing NAS to stay in this litigation, and that the action could be settled but for plaintiff's pressure tactics.

Having reviewed the parties' submissions, the Court finds that severing the Oklahoma and Texas cases and requiring plaintiff to address each surety independently would best promote the efficient administration of justice. Otherwise, it appears that Precision and NAS would be prejudiced in that these defendants would be forced to participate in unnecessary litigation. Also critical to the Court's determination is that the evidence, litigation tactics and trial strategy appear to vary materially as between the Oklahoma and Texas cases. In this respect, the Court finds those parties and claims that are not conveniently prosecuted together should be jettisoned, while preserving the parties and claims that are properly before it, and this will promote judicial economy and efficiency. Further, the Court concludes that severance will not unduly inconvenience any party.

As the Court has great discretion to restructure an action to promote the efficient administration of justice, the Court GRANTS the motion to sever.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

The following matters are hereby severed:

a) *United States of America for the use and benefits of Southern Rock, Inc. v. Precision Impact Recovery, LLC, et al.*, Case No. CIV-09-925-M; and

b) *United States of America for the use and benefits of Southern Rock, Inc. v. Precision Impact Recovery, LLC, et al.*, Case No. CIV-10-446-M.

**IT IS SO ORDERED this 21st day of September, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE